United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVIN JOSE GARCIA RAMIREZ,
Petitioner,
v.
TAE D. JOHNSON, *et al.*,
Respondents.

Case No. 1:26-cv-05541 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1, 2

Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner Kevin Jose Garcia Ramirez is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus and resolves his motion for a temporary restraining order as moot.[1]

## I. BACKGROUND

The facts in the Petition are not in dispute. Petitioner is a citizen of Honduras and entered the United States without inspection in February 2011 and has resided continuously in the country since. Dkt. No. 1 ¶¶ 3, 5. Following his entry, he started a family, and has three children, one of whom is diagnosed with autism and requires specialized care. *Id.* at ¶¶ 8–9. He is employed as an equipment operator at a Virginia-based construction firm, pays taxes, and is the primary financial

[1] On July 20, 2026, the Court set an expedited briefing schedule for the petition and indicated that it intended to rule on both the motion for a temporary restraining order and underlying petition. Dkt. No. 6. Respondents did not oppose this in their response, and requested to "submit on this pleading alone without additional documentation or briefing and request that the Court rule on the Petition in its entirety." Dkt. No. 8 at 1.

provider for his family. *Id*. ¶¶ 7–8. He also claims to have no criminal history—a contention which Respondents have not disputed. *Id*. ¶¶ 6, 11. Despite no apparent indicia of flight risk or danger to the public, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on June 15, 2026 in Berwick, Pennsylvania, while he was on his way to work. *Id*. at ¶ 12.

On July 17, 2026, Petitioner filed the instant petition challenging the lawfulness of his detention and seeking either immediate release or a bond hearing. *Id*. at 4.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents acknowledge in the opening line of their response that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." Dkt. No. 8 at 1. Their one argument in opposition is that Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b).

This argument has been overwhelmingly rejected throughout this District as it "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and

practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also*, *Sandigo Manzanez v. Bondi*, No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, *3 (E.D. Cal. Sept. 3, 2025) ("[T]he legal arguments Respondents rely upon to support their position that section 1225 applies here have been consistently rejected by a majority of courts in this district, and courts across the country."); *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026) (collecting cases). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and that his detention, bond, and release are instead governed by 8 U.S.C. § 1226(a).

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." An authorized immigration official makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge who may release the noncitizen on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1).

Respondents have not pointed to any evidence or facts indicating that Petitioner was provided the process required by § 1226(a), including issuance of a valid warrant before arrest. *See J.A.C.P. v. Wofford,* No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (ordering release where "the government did not comply with the express terms of section 1226 when it detained petitioner, so the Court cannot conclude that he is now detained on that basis."). Under these circumstances, release is warranted.

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ordered to immediately release Petitioner from custody. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This order does not address the

United States District Court
Eastern District of California

circumstances under which the Government may detain Petitioner pursuant to a final order of removal.

**IT IS SO ORDERED.**

Dated: July 29, 2026

EDWARD J. DAVILA
United States District Judge